TODD M. REED
Powell & Reed, P.C.
318 Pine Street
Post Office Box 1005
Sandpoint, Idaho 83864
Telephone: (208) 263-3529
Facsimile: (208) 263-4438
Idaho State Bar No. 4788

Attorney for Plaintiffs

IN THE DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF BONNER

| | |
|---|---|
| LARRY and CATRENA NACCARATO, Husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>LIBERTY NORTHWEST INSURANCE CORPORATION,<br><br>Defendant. | Case No. CV 2013-0228<br><br>COMPLAINT<br><br>Fee Category: A<br>Fee: $96.00 |

COMES NOW, the Plaintiffs, LARRY NACCARATO and CATRENA NACCARATO, by and through their attorney of record, Todd M. Reed, and hereby allege the following against Defendant, LIBERTY NORTHWEST INSURANCE CORPORATION.

I.

Plaintiffs are husband and wife and reside in Bonner County, Idaho.

II.

Defendant is a corporation transacting insurance in the State of Idaho, pursuant to a

COMPLAINT - 1

license from the Department of Insurance, and sells policies to residents of the State of Idaho.

III.

Plaintiffs had a contract of commercial insurance with Liberty Northwest for a certain vehicle, to wit, 1995 Dodge BR2500.

IV.

Jurisdiction is appropriate in Bonner County, Idaho.

FACTS

V.

On or about February 17th, 2011, Plaintiff was involved in a motor vehicle crash driving the above Dodge pickup truck. After the initial review of the damage to Plaintiff's vehicle, Plaintiff communicated to his insurance adjuster, Defendant, that it appeared the damage was not more than his deductable and he would simply take care of the damage expense. At that time the vehicle was parked for future work.

VI.

On or about January 13th, 2012, Plaintiff, LARRY NACCARATO, contacted Defendant's adjuster and explained that he wanted to reopen the claim on his commercial policy coverage because there was more damage. The claim was subsequently reopened and adjuster was assigned.

VII.

An adjuster for Defendant looked at the vehicle on January 16th, 2012, and gave assurances that everything would be okay. On or about February 6th, 2012, Plaintiff received a letter from Liberty Northwest offering substantially less than what was relayed to him would be covered by the adjuster.

COMPLAINT - 2

VIII.

Following the February 6th, 2012, letter, Plaintiff attempted to communicate through the course of the next several months. Through February, March, April and May Plaintiff attempted to resolve this claim quickly and fairly.

IX.

Communication was not returned to Plaintiff on any type of regular basis and Plaintiff had to have his agent assist. His agent also received little or no communication from Liberty Northwest in an attempt to resolve his claim.

X.

On or about May 8th, 2012, individuals with Liberty Northwest commercial claim analysis stated to Plaintiff, LARRY NACCARATO, that he should not follow through with seeking lost wages on his claim. Again, a reasonable offer was never submitted to Plaintiff for actual repair of his vehicle and he was unable to repair his vehicle due to the failure of Liberty Northwest adequately and timely resolve this claim.

XI.

Only after Plaintiff retained counsel did Defendant offer for what they should.

### FIRST CAUSE OF ACTION: BREACH OF CONTRACT

XII.

Plaintiffs reallege and incorporate Paragraphs I-XI into this cause of action.

XIII.

Plaintiffs had a contract with Defendants under a commercial insurance contract.

XIV.

Defendant runs a business whereby they issue commercial contracts of insurance to various individuals and businesses.

COMPLAINT - 3

XV.

Defendant had an obligation to negotiate and comply with the terms of that contract for timely settlement of claims.

XVI.

Said obligation of Defendant was a contract term either implied or specific in the contract for insurance.

XVII.

Defendants breached that contract term by failing to adequately compensate Plaintiff in a timely fashion for his vehicle therefore rendering the use of the vehicle unusable and therefore damaging him financially.

XVIII.

Plaintiffs were damaged in an amount to be determined at time of trial but in excess of the statutory maximum for Magistrate Court.

SECOND CAUSE OF ACTION: INSURANCE BAD FAITH

XXIV.

Plaintiffs reallege and incorporate Paragraphs I-XVIII into this cause of action.

XXV.

The damage to Plaintiffs vehicle was obvious and that determination was made on or about January 16th, 2012.

XXVI.

Defendant either intentionally and/or unreasonably withheld the benefits to compensate Plaintiffs for the repair work that needed to be done on their vehicle.

XXVII.

Plaintiff specifically alleges that there was no good faith mistake on the part of the

COMPLAINT - 4

insurer to adjudicate this claim in an appropriate manner.

XXVIII.

Plaintiffs have not been fully compensated for the harm caused to them because the insurer has denied that there was any loss of use coverage. While this coverage was not part of the policy the damage caused to Plaintiff through the insurers lack of adequately and timely paying the policy caused damages to Plaintiff which were not fully owed by the contract language damages.

XXIX.

These damages are in excess of the statutory maximum for Magistrate Court.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For general and special damages in a sum to be proven at a jury trial, including all expenses of investigation, preparation and arbitration of their claim their reasonable fees and actual costs incurred to bring this suit;

2. For Trial by Jury in District Court; and

3. Such other and further relief as the Court shall deem just and equitable.

DATED this 13 day of February, 2013.

_____
TODD M. REED
Attorney for Petitioners

COMPLAINT - 5